UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KEVIN B. FROST,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) | No. 2:23-cv-00198-JAW |

**ORDER LIFTING STAY AND DISMISSING COMPLAINT**

The background in this case is fully set forth in Judge Nancy Torresen's November 23, 2023 order on Defendants' motion to dismiss. *Order on Defs.' Mot. to Dismiss* (ECF No. 22) (*Torresen Order*).[1] In essence, Federal National Mortgage Association (FNMA) had initiated a foreclosure action in Maine state court, and Kevin B. Frost, a defendant in the state foreclosure action, filed a new state complaint against FNMA, alleging issues with the chain of title to the South Paris, Maine property being foreclosed. On May 8, 2023, FNMA removed Mr. Frost's complaint to this court. *Notice of Removal* (ECF No. 1). On November 23, 2023, applying *Colorado River*[2] abstention, Judge Torresen issued an order staying this case pending resolution of the state foreclosure, concluding that the resolution of the state foreclosure would necessarily resolve the chain of title issue in this case. *Torresen Order* at 13. The case went into the deep freeze.

---

[1] In her November 23, 2023 order, Judge Torresen dismissed Defendant Brock & Scott, PLLC. *Torresen Order* at 13.

[2] *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

On April 28, 2026, FNMA notified the Court that the state court had issued a foreclosure judgment on April 16, 2026 in favor of FNMA and against Mr. Frost on both FNMA's complaint and Mr. Frost's counterclaim. *Def. Fed. Nat'l Mortg. Ass'n's Status Report* (ECF No. 38). On May 15, 2026, Mr. Frost responded by noting he had filed post-judgment motions in the state court action, and he asked the Court to maintain the stay pending resolution of the post-judgment motions and any appeal. *Pl.'s Proposal Regarding Continued Stay and Disposition of Fed. Action* (ECF No. 42). On July 6, 2026, the Court agreed to maintain the stay pending resolution of the post-judgment motions but expressed doubt that once those motions were resolved, the stay would continue through appeal. *Order on Status* (ECF No. 43) (*Jul. 6, 2026 Order*).

On July 13, 2026, FNMA filed a new status report, confirming that on June 25, 2026, the state court denied the post-judgment motions and that Mr. Frost had filed a notice of appeal to the Maine Supreme Judicial Court. *Def. Fed. Nat'l Mortg. Ass'n's Status Report* (ECF No. 44). Considering these developments, on July 23, 2026, the Court ordered FNMA to file an appropriate motion to give Mr. Frost an opportunity to object. *Order* (ECF No. 45). On July 29, 2026, FNMA filed a motion to terminate stay, *Def.'s Mot. to Terminate Stay* (ECF No. 46), and on August 11, 2026, Mr. Frost filed a limited objection. *Pl.'s Limited Obj. to Def.'s Mot. to Lift Stay* (ECF No. 47).

Now that the state court foreclosure has been resolved at the trial level and is on appeal to the Maine Law Court, the trial court judgment is binding on the parties, and it is appropriate for this Court to act on the pending motion to stay and to dismiss

this action. As the Court noted in its July 6, 2026 order, "[e]ven though an appeal therefrom were taken to the Circuit Court of Appeals, the judgment of the district court, until vacated or reversed, would be binding on the parties in accordance with the principles of res judicata." *Jul. 6, 2026 Order* at 1-2 (quoting *In re President and Fellows of Harvard Coll.*, 149 F.2d 69, 73 (1st Cir. 1945) (citing *Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189 (1941)); *Deposit Bank v. Frankfort*, 191 U.S. 499 (1903)); *see Silva v. Silva*, 122 R.I. 178, 404 A.2d 829, 832 (R.I. 1979) ("A judgment may be given res judicata effect even though that judgment is subject to an appeal") (citations omitted). Because the state court action resolved the same legal issues presented in this case, the Court dismisses this case based on principles of res judicata. *See Barth v. Town of Sanford*, Docket No. 01-208-P-C, 2001 U.S. Dist. LEXIS 17934, at *4 (D. Me. 2001) (quoting *United States v. Cunan*, 156 F.3d 110, 114 (1st Cir. 1998)). As the state case is on appeal, the Court accedes to Mr. Frost's request that this federal action against FNMA be dismissed without prejudice so that this order will not prejudge the resolution of the appeal now pending before the Maine Supreme Judicial Court.

The Court GRANTS Defendant's Motion to Terminate Stay (ECF No. 46), ORDERS the Stay Order in the Order on Defendants' Motion to Dismiss (ECF No. 22) (ECF No. 22) LIFTED, and DISMISSES without prejudice Plaintiff Kevin B. Frost's Complaint to Scrutinize Conveyance of Real Estate, Validate Miscellaneous Defects, and/or For Equitable Relief. *See Notice of Removal*, Attach. 3 (ECF No. 4). The Court ORDERS the Clerk's Office to issue final judgment in accordance with this

order in favor of Defendants Federal National Mortgage Association and Brock & Scott, PLLC and against Kevin B. Frost.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of September, 2026